view was not so much obstructed as appellee claims, and that he was seen by the engineer and fireman and timely warned of his danger and disregarded the warning. But there was sufficient conflict of evidence on that question to forbid the trial court directing a verdict on that ground, and we would hesitate to reverse without remanding if appellant's defense rested entirely on that theory of the case. We have therefore considered and discussed the condition as presented by appellee's testimony and conclude that even on that theory of the facts the negligence charged in the declaration was not proven. The judgment is reversed.

*Reversed with finding of fact.*

Finding of fact. We find that the defendant was not guilty of any negligence charged in the declaration.

---

New York Life Insurance Company v. M. Martha Hughes, Appellant. Samuel Hughes, Administrator, Appellee.

### Gen. No. 6,506. (Not to be reported in full.)

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

### Statement of the Case.

Bill of interpleader by New York Life Insurance Company, a corporation, complainant, against M. Martha Hughes and Samuel Hughes, administrator of the estate of Elmer Hughes, deceased, defendants, over the proceeds of a policy issued by complainant to the deceased in his lifetime, payable originally to the

executors and assigns of the deceased, the defendant M. Martha Hughes claiming as assignee. From a decree in favor of the administrator, the other defendant appeals.

Complainant paid the amount of the policy into court, and decree was entered discharging and releasing it from all liability on the policy. There was a written request for change of beneficiary signed by the deceased.

H. A. BROOKS and W. H. WINN, for appellant.

HARRY EDWARDS and HENRY C. WARNER, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 442*—*necessity of foundation for opinion as to sanity.* Nonexperts should state facts on which an opinion of a party's sanity might reasonably be based before being allowed to express an opinion on that question.

2. INSURANCE—*when evidence shows insured to be of unsound mind at time of execution of assignment of life policy.* Evidence *held* sufficient to warrant a finding that insured was of unsound mind at the time he executed the assignment of a life insurance policy, on a bill of interpleader by the insurer to determine the right to proceeds of the policy.

3. APPEAL AND ERROR, § 1241*—*when assignee of life insurance policy may not complain of improper instruction.* The assignee of a life insurance policy was not in position to complain that the trial court instructed at the instance of an adverse claimant of the proceeds of the policy on the issue whether insured was under undue influence at the time he executed an assignment of the policy, on the ground that there was no evidence on that issue, where the assignee had asked instructions on the same issue, and there was in fact evidence requiring the submission of such issue to the jury, on a bill of interpleader by the insurer to determine the right to proceeds of a life insurance policy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.